UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMIE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00093-JAR |
| | ) |
| SGT. UNKNOWN HARRIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Jamie Jones, a civilly committed detainee at the Metropolitan St. Louis Psychiatric Center, brings this action under 42 U.S.C. § 1983 against Sergeant "Unknown" Harris of the Cape Girardeau County Sheriff's Department. (ECF No. 1 at 2). Jones seeks monetary damages arising from an alleged assault by his cellmate in April 2024. *Id.* at 3. He moves for appointment of counsel (ECF Nos. 2, 4) and for leave to proceed *in forma pauperis* (ECF Nos. 3, 5). The Court grants Jones leave to proceed *in forma pauperis* but dismisses this action for the reasons set forth below. The Court denies Jones's motions for appointment of counsel as moot.

**I.    Standard**

Because Jones is proceeding *in forma pauperis*, his complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

When reviewing a complaint filed by a self-represented person under § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

**II.   Discussion**

Jones sues Sergeant Harris in his official capacity only. (ECF No. 1 at 2). He alleges that his cellmate assaulted him in April 2024 and that he later filed a police report. *Id.* at 3. Jones further states that "they remove[d] him from the cell." *Id.* Beyond this, the complaint references "Cape County Sheriff Dept" and "Mental and Physical," but provides no additional factual context. *Id.*

Jones's complaint fails to state a plausible claim for relief under § 1983. He alleges only that his cellmate assaulted him and that, after he made a police report, authorities removed the cellmate from the cell. Liability under § 1983, however, requires a causal link between a

defendant's own actions and the alleged constitutional violation. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Jones does not allege that Harris personally participated in the assault, knew of a substantial risk of harm beforehand, or acted with deliberate indifference to Jones's safety.

Additionally, as noted above, Jones sues Harris in his official capacity only. An official-capacity claim is treated as a claim against the governmental entity itself. *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Accordingly, to prevail on his official-capacity claim, Jones must establish that Cape Girardeau County itself is liable for the alleged misconduct. *Id.* To do so, Jones must demonstrate that the alleged constitutional violations resulted from (1) an official county policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

Jones does not allege facts plausibly showing that a policy, custom, or failure to train or supervise by Cape Girardeau County caused the alleged constitutional violation. Even liberally construed, his allegations therefore do not support a plausible inference of county liability. *See Iqbal*, 556 U.S. at 678.

### III.   Conclusion

For the foregoing reasons, the Court grants Jones's motion to proceed *in forma pauperis* (ECF No. 3) and dismisses this action for failure to state a plausible claim to relief under § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that Jones's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Jones's second motion to proceed *in forma pauperis* (ECF No. 5) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Jones's motions for appointment of counsel (ECF Nos. 2, 4) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal accompanies the Memorandum and Order.

Dated this 16th day of December, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE